2000 SD 154

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Dean Desire STAHL, Defendant and Appellant.**

No. 21145.

Supreme Court of South Dakota.

Argued Oct. 24, 2000.

Decided Dec. 13, 2000.

Mark Barnett, Attorney General, Paul Cremer, Assistant Attorney General, Pierre, SD, Attorneys for plaintiff and appellee.

Gary D. Blue, Huron, SD, Attorney for defendant and appellant.

PER CURIAM

[¶ 1.] Dean Desire Stahl appeals from his judgments of conviction and sentence for possession of marijuana, distribution of marijuana, and distribution of marijuana in a drug-free zone. Stahl claims his 24-year sentence constitutes cruel and unusual punishment and an abuse of the sentencing court's discretion. We affirm.

## FACTS AND PROCEDURE

[¶ 2.] Stahl sold marijuana to Avery Sorenson on December 9 and 11, 1998 while Sorenson was assisting law enforcement with controlled drug buys. Two officers of the Huron Police Department had earlier searched Sorenson, provided him with money with which to purchase drugs from Stahl, and outfitted him with a recording device. The two officers maintained audio contact with Sorenson at all relevant times. Both drug buys took place in Stahl's home, located within 1,000 feet of Jefferson Elementary School in Huron. Sorenson was retrieved by law enforcement immediately after each buy and debriefed.

[¶ 3.] Stahl was arrested March 8, 1999.[1] He was subsequently indicted on two counts of possession of marijuana, two counts of distribution of marijuana, two counts of distribution of marijuana within a drug-free zone and witness tampering. He was convicted by a jury on the posses-

sion and distribution charges and acquitted of witness tampering. He was sentenced to two years in the state penitentiary on each of the two distribution counts and ten years on each of the two distribution in a drug-free zone counts. On the possession counts, Stahl was ordered to pay court costs. The penitentiary sentences were ordered to run consecutively, resulting in a 24-year prison sentence.

[¶ 4.] Stahl appeals, claiming his sentence is an abuse of discretion and a violation of his constitutional protection against cruel and unusual punishment.

## ANALYSIS AND DECISION

[¶ 5.] The Eighth Amendment's protection against cruel and unusual punishment "forbids only extreme sentences that are 'grossly disproportionate' to the crime." *State v. Bonner,* 1998 SD 30, ¶ 15, 577 N.W.2d 575, 579 (quoting *Harmelin v. Michigan,* 501 U.S. 957, 1001, 111 S.Ct. 2680, 2705, 115 L.Ed.2d 836, 869) (Kennedy, J., concurring).

[T]o assess a challenge to proportionality we first determine whether the sentence appears grossly disproportionate. To accomplish this, we consider the conduct involved, and any relevant past conduct, with utmost deference to the Legislature and the sentencing court. If these circumstances fail to suggest gross disproportionality, our review ends. If, on the other hand, the sentence appears grossly disproportionate, we may, in addition to examining the other *Solem* factors, conduct an intra- and inter-jurisdictional analysis to aid our comparison or remand to the circuit court to conduct such comparison before resentencing. We may also consider other relevant factors, such as the effect upon society of this type of offense.

*Id.* at ¶ 17, 577 N.W.2d at 580. We have long stated that we take "an extremely deferential review of sentencing—general-

---

1. Law enforcement explained that the delay between the drug buys and Stahl's arrest was due to their desire to protect the secrecy of their confidential informant's identity which enables them to use an informant for additional buys.

ly, a sentence within the statutory maximum will not be disturbed on appeal." *Id.* at ¶ 10, 577 N.W.2d at 578 (citing *State v. Kaiser,* 526 N.W.2d 722 (S.D.1995)). We will not "engage in appellate resentencing, or [ ] 'micromanage the administration of criminal justice' in South Dakota, even when individual trial judges impose widely different punishments for the same offense." *Id.* at ¶ 11, 577 N.W.2d at 578.

■■ [¶ 6.] Stahl's relevant past conduct includes a criminal record of nineteen prior misdemeanor convictions and three violations of the terms of suspended sentences. From 1975 to his arrest for the present offense, there is no significant break in his criminal record except for the ten years he served in the United States Army.[2] From 1975 until he entered the Army, the majority of Stahl's violations involved motor vehicle violations, including three DUI's. Following military discharge, Stahl continued collecting misdemeanor convictions. His record spans 24 years and includes offenses such as DUI, open container, furnishing alcohol to a minor, simple assault, and speeding and reckless driving, among others. This history is appropriate for the sentencing court to consider. *Id.* at ¶ 19, 577 N.W.2d at 580. Although Stahl has not previously been convicted of any crime involving drugs, in his presentence report he admitted past use of illegal substances, specifically marijuana, methamphetamine and LSD.

■ [¶ 7.] A defendant's lack of remorse is also appropriately considered by the sentencing court. *Ganrude v. Weber,* 2000 SD 96, ¶ 12, 614 N.W.2d 807, 810; *State v. Chase in Winter,* 534 N.W.2d 350, 355 (S.D.1995). In his presentence report statement, Stahl proclaimed his only crime was in caring too much and helping his fellow man and that he was innocent of the charges. He claimed he did not possess or

distribute marijuana at any time, yet alone in a drug-free zone, despite the taped recordings documenting both drug sales and the jury's determination that he did commit these crimes.[3] At the sentencing hearing, Stahl relied on his presentence investigation report and failed to present any additional evidence toward mitigation or his potential for rehabilitation.[4] This report contained several character letters from family members and indicated Stahl had twice participated in alcohol treatment programs.

[¶ 8.] As previously noted, we give great deference to the legislature and to the sentencing court. Stahl was convicted of two counts each of violating SDCL 22–42–6 and 22–42–7. Violation of SDCL 22–42–6, a Class 1 misdemeanor, carries a maximum sentence of one-year imprisonment in a county jail or a fine of $1,000 or both. Stahl's sentence for both counts of violating this statute was payment of court costs. Violation of SDCL 22–42–7, a Class 6 felony, carries a maximum sentence of two years imprisonment in the state penitentiary or a fine of $2,000 or both. Stahl's sentence for two counts of violating this statute was two years imprisonment on each count. ·

[¶ 9.] Stahl was also convicted of two counts of violating SDCL 22–42–19(1). SDCL 22–42–20 instructs that a violation of 22–42–19 is to be charged as a separate count in the indictment or information. SDCL 22–42–19, classifying the distribution of drugs within a drug-free zone as a Class 4 felony, provides:

> Any person who commits a violation of § 22–42–2, 22–42–3, or 22–42–4, or a felony violation of § 22–42–7, if such activity has taken place:
>
> (1) In, on or within one thousand feet of real property comprising a public or pri-

---

2. The record is silent regarding any history of activities during Stahl's ten-year military career except for noting his service during the Gulf War.

3. Stahl appeals only his sentence and does not claim any errors at trial.

4. Although Stahl's attorney attempted to argue these points at oral argument before this Court, the time to make the record is before the sentencing court.

vate elementary or secondary school or a playground; or

(2) In, on or within five hundred feet of real property comprising a public or private youth center, public swimming pool, or video arcade facility; is guilty of a Class 4 felony. The sentence imposed for a conviction under this section carries a minimum sentence of imprisonment in the state penitentiary of five years. Any sentence imposed under this section shall be consecutive to any other sentence imposed for the principal felony. The court may not place on probation, suspend the execution of the sentence, or suspend the imposition of the sentence of any person convicted of a violation of this section. However, the sentencing court may impose a sentence other than that specified in this section if the court finds that mitigating circumstances exist which require a departure from the mandatory sentence provided for in this section. The court's finding of mitigating circumstances allowed by this section and the factual basis relied upon by the court shall be in writing. It is not a defense to the provisions of this section that the defendant did not know the distance involved. It is not a defense to the provisions of this section that school was not in session.[5]

Having been found guilty of violating two counts of this statute, Stahl was sentenced to serve ten years on each count, consecutive to each two-year sentence for the principal felony, distribution of one ounce or less of marijuana. The court ordered that all of Stahl's sentences were to be served consecutively. Stahl's 24–year sentence is the maximum time that could have been imposed for these four felony convictions.

[¶ 10.] SDCL 22–42–19, creating drug-free zones in our state, was enacted in 1992. This appeal presents our first opportunity to review application of this statute. It is reasonably presumed, from review of the greater sanctions imposed therein that are not discretionary with the sentencing court, that the legislature was particularly concerned with protecting this state's youth from illegal drug use. "The sale and use of narcotics causes the greatest scourge on our society today and reaches down into our schools to destroy our most precious asset, the children." *State v. Engel*, 465 N.W.2d 787, 792 (S.D. 1991) (Henderson, J., concurring); *see also State v. Pettis*, 333 N.W.2d 717, 720 (S.D. 1983). "[T]he effect upon society of this type of offense" is a relevant factor for courts to consider when determining an appropriate sentence. *Bonner*, 1998 SD 30 at ¶ 17, 577 N.W.2d at 580. Stahl misses this point when he argues that he deserves a shorter sentence because the drug sale "had nothing to do with the school or anyone that had anything to do with the school." As noted above, SDCL 22–42–19 provides it is no defense "that the defendant did not know the distance involved ... [or] that school was not in session." Likewise, the statute offers no defense or leniency because the drug sale "had nothing to do with the school" or persons associated with it. The violation is complete if the proscribed criminal activity takes place within the expressed statutory distance from the drug-free zone.

[¶ 11.] Moreover, the minimum mandatory sentence set at five years by SDCL 22–42–19 and the maximum prison term set for all Class 4 felonies at ten years limits the amount of discretion a sentencing court may exercise in determining an appropriate sentence for violation of this statute.[6] The court's discretion is further limited by the statute's mandate that the sentence for violation of SDCL 22–42–19 run consecutively to the sentence imposed for the principal felony. Here, Stahl was convicted of two counts of violating SDCL 22–42–19; the court ordered each of these sentences to be served consecutively to the

---

5. SDCL 22–42–18 defines "playground," "video arcade facility," and "youth center" as these terms are used in SDCL 22–42–19.

6. In addition to the maximum term of ten years imprisonment, a fine of $10,000 may be imposed for violation of a Class 4 felony. SDCL 22–6–1(6).

principal felony sentences and consecutively to one another.

[¶ 12.] At Stahl's sentencing hearing, the judge stated that he had read the presentence report. Therefore, he had the requisite acquaintance with Stahl, his character and history, and previous criminal record to sentence him. *Bonner*, 1998 SD 30, ¶ 19, 577 N.W.2d at 580; *Chase in Winter*, 534 N.W.2d at 354–55. The court informed Stahl that "the charges [against him] are severe and the charges are extremely unpopular today. I think that people are absolutely fed up with the drugs and the consequences connected with the use of those drugs and with the consequences of selling them." In these comments, the sentencing court acknowledged the public policy underlying SDCL 22–42–19.

[¶ 13.] Stahl did not receive the maximum penalty that could have been imposed under our statutes. No fines were imposed for any of his six convictions and his punishment for each of his two convictions for possession of marijuana was payment of court costs only. He was, however, sentenced to the maximum time on each of the four distribution charges. As previously noted, all of these sentences were ordered to run consecutively. It is presumed from the lack of written findings in the record that the sentencing court found no mitigating circumstances in this case.[7] Given Stahl's lack of remorse or even acknowledgment of guilt, his lengthy criminal record and the limited discretion offered the sentencing court by the legislative mandates in SDCL 22–42–19, no abuse of discretion is shown under this record. The 24–year sentence Stahl received was not grossly disproportionate to the severity of the crimes involving the distribution of drugs within 1,000 feet of an elementary school, a statutorily defined drug-free zone.

[7.] SDCL 22–42–19 allows a sentencing court to depart from the statutory sentence mandates if the court finds that mitigating circumstances exist. The statute requires, however,

[¶ 14.] The judgments of conviction and sentence are affirmed.

[¶ 15.] MILLER, Chief Justice, and SABERS, AMUNDSON, KONENKAMP and GILBERTSON, Justices, participating.

that "[t]he court's finding of mitigating circumstances allowed by this section and the factual basis relied upon by the court shall be in writing."