#26787-a-LSW
2014 S.D. 16

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                    Plaintiff and Appellee,

    v.

STEVEN RENE HERNANDEZ,                    Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FIRST JUDICIAL CIRCUIT
YANKTON COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE CHERYLE W. GERING
Judge

* * * *

MARTY J. JACKLEY
Attorney General

ANN F. MINES
Assistant Attorney General
Pierre, South Dakota                      Attorneys for plaintiff
                    and appellee.


KEVIN J. LOFTUS of
Kennedy, Pier, Knoff & Loftus, LLP
Yankton, South Dakota                     Attorneys for defendant
                    and appellant.

* * * *

CONSIDERED ON BRIEFS
ON FEBRUARY 18, 2014

OPINION FILED **03/19/14**

WILBUR, Justice

[¶1.] Steven Rene Hernandez appeals his conviction for fourth offense driving under the influence. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

[¶2.] On January 8, 2012, law enforcement observed Hernandez commit a traffic violation and stopped the vehicle that Hernandez was driving. During the stop, the officer learned that Hernandez's driver's license had been revoked and observed that Hernandez was exhibiting signs of intoxication. As a result of his observations, the officer conducted a variety of field sobriety tests and administered a PBT test. The PBT test revealed that Hernandez had a blood alcohol content of 0.176. Hernandez was arrested for driving under the influence and driving with a revoked license.[1]

[¶3.] Hernandez was charged by criminal complaint on January 9, 2012, with the crime of driving while under the influence of an alcoholic beverage six times within a ten-year period in violation of SDCL 32-23-1(1) and SDCL 32-23-4.7, and in the alternative, driving under the influence of an alcoholic beverage six times within a ten-year period in violation of SDCL 32-23-1(2) and SDCL 32-23-4.7. Hernandez was also charged with driving while his license was revoked in violation of SDCL 32-12-65(1).

[¶4.] On January 12, 2012, a grand jury indicted Hernandez with the same offenses. A part II information was filed alleging that Hernandez had been

---

1. Law enforcement dispatch informed the arresting officer that Hernandez had five prior driving under the influence convictions.

previously convicted of driving under the influence on at least four prior occasions within a ten-year period.

[¶5.] An amended part II information was filed on February 7, 2012. The amended part II information alleged that Hernandez had been previously convicted of driving under the influence on at least three prior occasions within a ten-year period.

[¶6.] An arraignment on the charged offenses was held on February 7, 2012. The parties then informed the circuit court that a plea agreement had been reached. As a part of the plea agreement, Hernandez would plead guilty to driving under the influence and to the amended part II information charging a fourth offense. The circuit court accepted Hernandez's guilty plea. Hernandez was allowed to remain on bond pending sentencing.

[¶7.] A bond hearing was held on June 11, 2012, after the circuit court was notified that Hernandez had violated the conditions of his release by consuming alcohol. Hernandez was given another chance by the circuit court and was released on bond under the same terms and conditions previously imposed.

[¶8.] A sentencing hearing was scheduled for November 27, 2012. Hernandez, however, did not appear at the hearing. The State indicated to the circuit court that it had information that Hernandez was engaging in other criminal activity. As a result of Hernandez's failure to appear and the representations made by the State as to Hernandez's involvement in other criminal activity, the circuit court issued a bench warrant for Hernandez's arrest. Approximately seven months later, Hernandez was arrested on the bench warrant.

[¶9.]     The circuit court conducted a sentencing hearing on July 3, 2013.  At

that hearing, the circuit court acknowledged the Legislature's passage of SDCL 22-

6-11, which requires a court to impose a sentence of probation for any of the offenses

set forth in the statute unless there are aggravating circumstances that require a

greater sentence.  The circuit court found the existence of such aggravating

circumstances and sentenced Hernandez to five years in the state penitentiary with

three years suspended.

## DECISION

[¶10.]     Hernandez argues that while the circuit court correctly acknowledged

the applicability of SDCL 22-6-11 to Hernandez's sentencing, the circuit court failed

to order probation for Hernandez.  Hernandez contends that the aggravating

circumstances cited by the circuit court to justify its departure from the

presumptive sentence of probation contained in SDCL 22-6-11 were inadequate to

find that Hernandez posed a significant risk to the public.

[¶11.]     SDCL 22-6-11, a portion of Senate Bill 70—the Public Safety

Improvement Act, was enacted by the South Dakota Legislature in 2013.  *See* 2013

S.D. Sess. Laws ch. 101, § 53.  SDCL 22-6-11 provides:

> The sentencing court shall sentence an offender convicted of a
> Class 5 or Class 6 felony, except those convicted under §§ 22-
> 11A-2.1, 22-18-1, 22-18-1.05, 22-18-26, 22-19A-1, 22-19A-2, 22-
> 19A-3, 22-19A-7, 22-19A-16, 22-22A-2, 22-22A-4, 22-24A-3, 22-
> 22-24.3, 22-24-1.2, 22-24B-2, 22-24B-12, 22-24B-12.1, 22-24B-23,
> 22-42-7, subdivision 24-2-14(1), 32-34-5, and any person
> ineligible for probation under § 23A-27-12, to a term of
> probation.  The sentencing court may impose a sentence other
> than probation if the court finds aggravating circumstances
> exist that pose a significant risk to the public and require a
> departure from presumptive probation under this section.  If a
> departure is made, the judge shall state on the record at the

time of sentencing the aggravating circumstances and the same shall be stated in the dispositional order. Neither this section nor its application may be the basis for establishing a constitutionally protected liberty, property, or due process interest.[2]

[¶12.]    The record demonstrates that the circuit court complied with the dictates of SDCL 22-6-11 and imposed Hernandez's penitentiary sentence. In fulfilling the requirements of SDCL 22-6-11, the circuit court found the existence of aggravating circumstances and made its findings on the record at the sentencing hearing:

> The court, as indicated, believes that SDCL 22-6-11 is applicable in your case. You have been charged with and pled guilty to a Class 5 felony, in light of the Driving Under the Influence Fourth Offense and the Part 2 information for multiple offender. And as a Class 5 felony, that statute states that the court shall sentence such an offender as yourself to probation unless the court finds aggravating circumstances that pose a significant risk to the public and require a departure from presumptive probation under this section.
>
> The court believes in this circumstance, Mr. Hernandez, that there are aggravating circumstances, that, in light of the number of DUI convictions that you've had, in light of the felony convictions, in light of your failure to appear at your last sentencing hearing set in November of 2012, in light of your repeated attempts to undergo treatment and not follow through with that, and with, therefore, your statements now being, in the court's opinion, statements that you're making not evidencing a true change and intention to change your behavior, but simply to seek lenience from the court, the court does find that aggravating circumstances exist and that there is a

---

2.    Hernandez pleaded guilty to fourth offense driving under the influence at an arraignment hearing on February 7, 2012. Hernandez was sentenced for this charge on July 3, 2013, three days after SDCL 22-6-11 became law. The circuit court applied SDCL 22-6-11 to Hernandez's sentencing. Neither party contested the applicability of SDCL 22-6-11 to Hernandez's sentencing; nor did either party raise or brief the issue to this Court. Therefore, we do not address the appropriateness of its application in this case.

> significant risk posed to the public that does require a departure from the presumptive probation required under SDCL 22-6-11.

The judgment of conviction also provides the aggravating circumstances the circuit court found to justify its departure from the presumptive probation required by the statute. It is clear from this record that the circuit court complied with the dictates of SDCL 22-6-11 and imposed a sentence other than probation.

[¶13.] We decline to address the other issues raised by Hernandez in this appeal.

## CONCLUSION

[¶14.] Hernandez's conviction and sentence are affirmed.

[¶15.] GILBERTSON, Chief Justice, and KONENKAMP, ZINTER and SEVERSON, Justices, concur.