#27371-aff & rem-SLZ

**2015 S.D. 76**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                    Plaintiff and Appellee,

    v.

DAVID S. BECKWITH,                    Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FOURTH JUDICIAL CIRCUIT
MEADE COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE JEROME A. ECKRICH, III
Judge

* * * *

MARTY J. JACKLEY
Attorney General

JARED TIDEMANN
Assistant Attorney General
Pierre, South Dakota                    Attorneys for plaintiff
                                        and appellee.


JOHN R. MURPHY
Rapid City, South Dakota                    Attorney for defendant
                                        and appellant.

* * * *

CONSIDERED ON BRIEFS
ON AUGUST 31, 2015

OPINION FILED **10/14/15**

#27371

ZINTER, Justice

[¶1.]     David Beckwith pleaded guilty to possession of a controlled substance. In imposing sentence, the circuit court articulated three "aggravating circumstances" to justify departing from presumptive probation. The court did not restate the aggravating circumstances in its written judgment. On appeal, Beckwith argues that the court's stated aggravating circumstances did not warrant a departure from presumptive probation. Beckwith also argues that the court erred in failing to include the aggravating circumstances in the judgment. We affirm the circuit court's decision to depart from presumptive probation, but we remand to include the aggravating circumstances in the written judgment.

*Facts and Procedural History*

[¶2.]     A highway patrolman stopped Beckwith for having illegal handlebars on his motorcycle. During the stop, the officer observed Beckwith remove a small plastic bag from his pocket, bite a hole in the bag, and throw the bag on the ground. The bag's contents were recovered and tested positive for methamphetamine. The officer arrested Beckwith, and a subsequent urinalysis confirmed the presence of a methamphetamine metabolite in his body. The State charged Beckwith with possession and ingestion of a controlled substance, both Class 5 felonies.

[¶3.]     Pursuant to a plea agreement, the State dismissed the ingestion charge and Beckwith entered an *Alford* plea to the possession of a controlled substance charge. *See State v. Engelmann*, 541 N.W.2d 96, 101 (S.D. 1995) ("An *Alford* plea is no less a guilty plea, notwithstanding assertions of innocence. It allows a defendant the opportunity to avoid the risk of trial and obtain the benefit of

a favorable plea bargain 'even if he is unwilling or unable to admit his participation in the acts constituting the crime.'" (quoting *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 167, 27 L. Ed. 2d 162 (1970))). Beckwith acknowledged that he ingested methamphetamine the night before his arrest. Beckwith indicated he entered an *Alford* plea to possession because "[t]he contraband found on his person came something of a surprise to him, but considering the circumstances of the night before, was not a shock." Beckwith's counsel indicated that the previous evening, the methamphetamine somehow "came into [Beckwith's] possession through a favor . . . of someone else[.]" Beckwith's counsel explained that the *Alford* plea was entered because of a "problem with the knowledge element" of the possession charge.

[¶4.]     Beckwith's court services officer (CSO) reported that Beckwith failed to call when scheduled to do so for the presentence investigation. The CSO's subsequent attempts to contact Beckwith were also unsuccessful. The CSO indicated that Beckwith's noncompliance prevented an accurate assessment of Beckwith's "level of substance abuse, his education and employment history, his financial status or his attitude toward the crime he committed or toward the possibility of probation." Beckwith's "lack of follow through" also raised "concern[s] that [Beckwith was] not going to follow through with conditions of probation." The CSO further noted that Beckwith had "a history of violating his probation/parole[.]" Nevertheless, the CSO recommended that Beckwith serve 120 days in jail followed by two years of probation.

[¶5.] Because Beckwith pleaded guilty to a Class 5 felony, he was entitled to presumptive probation unless the court found aggravating circumstances "that pose a significant risk to the public." *See* SDCL 22-6-11. At sentencing, the court concluded that three aggravating circumstances overcame presumptive probation: (1) failure to cooperate with the CSO during the presentence investigation, (2) two prior felonies, and (3) making an *Alford* plea when the evidence reflected that Beckwith was aware of his wrongdoing. The court sentenced Beckwith to thirty-six months in prison with eighteen months suspended. The court did not restate the aggravating circumstances in the written judgment.

[¶6.] Beckwith appeals his sentence, arguing that (1) the stated aggravating circumstances were insufficient to overcome the probation presumption, and (2) the court failed to state the aggravating circumstances in the judgment in violation of SDCL 22-6-11 and due process. Beckwith seeks a remand for resentencing.

*Decision*

*Sufficiency of Aggravating Factors*

[¶7.] Beckwith argues that the court's stated aggravating circumstances are insufficient to establish "a significant risk to the public." We apply the abuse of discretion standard in reviewing a sentencing court's decision to depart from presumptive probation. *State v. Whitfield*, 2015 S.D. 17, ¶ 23, 862 N.W.2d 133, 140. An abuse of discretion "is a fundamental error of judgment, a choice outside the range of permissible choices, a decision, which, on full consideration, is arbitrary or unreasonable." *Thurman v. CUNA Mut. Ins. Soc'y*, 2013 S.D. 63, ¶ 11, 836 N.W.2d 611, 616 (citations and internal quotation marks omitted).

[¶8.] The first aggravating circumstance involved Beckwith's failure to cooperate in preparing his presentence investigation. Beckwith, however, argues that he only missed a single phone call and he was confused about the legal proceedings. Beckwith contends he cooperated because he made multiple trips from Florida to South Dakota to attend court hearings. Beckwith further contends that failing to call his CSO does not suggest a significant risk to the public. We disagree.

[¶9.] According to the CSO, Beckwith not only failed to call his CSO as scheduled, but the CSO's subsequent attempts to contact Beckwith were unsuccessful and Beckwith made no further effort to contact his CSO whatsoever. Consequently, as the CSO noted, Beckwith's failure to communicate prevented an assessment of Beckwith's "level of substance abuse, his education and employment history, his financial status or his attitude toward the crime he committed or toward the possibility of probation."

[¶10.] The sentencing court has a responsibility to become thoroughly acquainted with the character and history of a defendant in order to impose an appropriate sentence. *Whitfield*, 2015 S.D. 17, ¶ 23, 862 N.W.2d at 140 (citation omitted). This inquiry includes an examination of the defendant's character, mentality, habits, tendencies, age, inclination to commit crime, life, family, occupation, past criminal record, and social environment. *Id.* But by failing to provide this information to his CSO, Beckwith deprived the court of the ability to assess the risk to the public of granting probation. And without such an assessment, placing a convicted felon on probation poses a significant risk to the public.

[¶11.]        Beckwith, however, points out that despite his failure to communicate, his CSO recommended probation. Although the CSO recommended some probation, he also recommended jail. More importantly, Beckwith's arguments do not counter the CSO's "concern that [given his lack of follow through in completing the presentence investigation, Beckwith was] not going to follow through with conditions of probation." The likelihood of not complying with the conditions of probation is an appropriate aggravating circumstance to consider as it may signal a significant risk to the public. *Id.*

[¶12.]        The second aggravating circumstance involved Beckwith's prior felony convictions in 1988 and 1994. Although we acknowledge that the convictions were old, they involved drugs and violently resisting a law enforcement officer. Thus, the drug conviction demonstrates that despite a warning, Beckwith continued to engage in illegal drug usage for a lengthy period of time. The other conviction demonstrates a willingness to engage in violent conduct towards authorities. Additionally, the record reflects that Beckwith violated probation on the most recent felony conviction. We have previously explained that probation failures and prior felony convictions are aggravating circumstances justifying a departure from presumptive probation. *See State v. Moran*, 2015 S.D. 14, ¶ 12, 862 N.W.2d 107, 111 (noting the circuit court found that two prior felonies and a probation violation were aggravating circumstances justifying a departure from presumptive probation).

[¶13.]        The third aggravating circumstance involved Beckwith's entry of an *Alford* plea. The circuit court was concerned that Beckwith had not taken

responsibility or shown remorse for engaging in the illegal drug activity. Beckwith, however, argues that the court should not have viewed his *Alford* plea as a failure to acknowledge culpability for "possession," thereby demonstrating a risk to the public. Beckwith points out that he never disputed possessing or ingesting methamphetamine. He explained that he thought the controlled substance he possessed was cocaine, not methamphetamine. Beckwith contends that finding methamphetamine in his pocket (possession) was "something of a surprise to him[.]" Beckwith suggests that he simply engaged in "an awkward attempt to establish a basis for an *Alford* plea."

[¶14.]      Beckwith misapprehends the significance of the court's concern. The court was concerned that Beckwith's conduct demonstrated a failure to show remorse and acknowledge a truthful explanation for his actions. The court noted that despite his claims of surprise to possessing methamphetamine, Beckwith "bit open [the] bag of meth and threw it up in the air." The court then indicated: "Well, what's that about if you don't know what's in it? You don't bite open a bag of baking powder and then try to get rid of it." We agree with the circuit court that under the facts of this case, Beckwith's conduct and the *Alford* plea were appropriate circumstances for consideration because they reflected a lack of culpability and remorse for possessing controlled substances. *See State v. Knight*, 701 N.W.2d 83, 89 (Iowa 2005) ("[T]he defendant entering an *Alford* plea amidst claims of innocence is no different than a defendant found guilty amidst claims of innocence. The defendant's lack of remorse is a pertinent sentencing factor in both situations."); *see also State v. Stahl*, 2000 S.D. 154, ¶ 7, 619 N.W.2d 870, 872 (per curiam) (citations

omitted) ("A defendant's lack of remorse is also appropriately considered by the sentencing court."). Accordingly, Beckwith's attempt to destroy evidence and refusal to admit wrongdoing were appropriate considerations in determining whether probation posed a significant risk to the public.

[¶15.] Taken in their totality, the foregoing aggravating circumstances demonstrate that placing Beckwith on probation would have posed a significant risk to the public. First, Beckwith deprived the CSO and the court of the information necessary to determine an appropriate sentence. Granting probation without such information would, by itself, pose a serious risk to the public. Second, Beckwith had prior felonies (one of which led to a probation violation) showing a long history of illegal drug usage. Beckwith also demonstrated a willingness to use violence against a law enforcement officer. Finally, his conduct at the time of the arrest and the circumstances of his plea reflected his failure to acknowledge culpability and remorse for his acts. Considering these circumstances, the circuit court did not abuse its discretion in departing from presumptive probation.*

*Failure to Restate the Aggravating Circumstances in the Written Judgment*

[¶16.] SDCL 22-6-11 requires that "[i]f a [presumptive probation] departure is made, the judge shall state on the record at the time of sentencing the aggravating circumstances and the same *shall be stated in the dispositional order*." (Emphasis added.) Although the circuit court stated the aggravating circumstances

---

* We recently found a significant risk to the public in three analogous cases. In *Whitfield*, 2015 S.D. 17, ¶ 22, 862 N.W.2d at 140; *Moran*, 2015 S.D. 14, ¶ 12, 862 N.W.2d at 111; and *State v. Hernandez*, 2014 S.D. 16, ¶ 12, 845 N.W.2d 21, 23, the defendants had a history of noncompliance with the court system and past felonies dealing with drugs or alcohol.

on the record at the time of sentencing, the court did not restate the aggravating circumstances in the dispositional order. We recently held in *Whitfield* that "[t]his error . . . does not warrant either a new trial or resentencing. Rather, the matter [should be] remanded to the sentencing court to amend the dispositional order to include the aggravating circumstances considered on the record at the time of the sentencing hearing." 2015 S.D. 17, ¶ 20, 862 N.W.2d at 140.

[¶17.] Beckwith urges us to reconsider the *Whitfield* remedy. He argues that we should remand for resentencing because correction of the judgment "is inadequate to address the due process violation that occurs when trial courts do not follow the plain language within a statute such as SDCL 22-6-11." Beckwith points out that the word "shall," which is in SDCL 22-6-11, is generally interpreted to be a mandatory directive. *See State v. Nelson*, 1998 S.D. 124, ¶ 12, 587 N.W.2d 439, 444 ("We interpret the word 'shall' as 'a mandatory directive' conferring no discretion." (quoting SDCL 2-14-2.1)). Beckwith contends that the failure to follow this mandatory, procedural directive violates due process. We agree that restating the aggravating circumstances is mandatory, but we disagree that this clerical failure violates due process.

[¶18.] Beckwith relies on *State v. Nelson*. In *Nelson,* we held that the failure of the circuit court to follow a mandatory directive (requiring the reading of all jury instructions at the close of evidence) along with another error violated due process. *Id.* ¶ 20, 587 N.W.2d at 447. However, Beckwith misapprehends the nature of the procedural process due under SDCL 22-6-11. There is no dispute that the court erred in not restating the aggravating circumstance in the judgment. *See Whitfield,*

2015 S.D. 17, ¶ 20, 862 N.W.2d at 140.  The word "shall" in SDCL 22-6-11 makes this requirement mandatory.  But the circuit court provided the essential procedural process that was due under the statute when the court stated the aggravating circumstances at the time of sentencing.  The court's failure to restate the same aggravating circumstances in written judgment was only a clerical error.  Thus, the "plain error" that, together with another violation, undermined "the fairness, integrity, or public reputation" of the trial in *Nelson* is not present here.  *See Nelson*, 1998 S.D. 124, ¶ 20, 587 N.W.2d at 447 (citations omitted).  Unlike the error in *Nelson*, the clerical error here was not capable of influencing the outcome of Beckwith's court proceeding.  Beckwith pleaded guilty, the court orally stated the aggravating circumstances on the record at sentencing, and the oral sentence of the court controls.  *See State v. Thayer*, 2006 S.D. 40, ¶ 7, 713 N.W.2d 608, 611.  Additionally, the remand remedy we adopted in *Whitfield* is supported by our precedents.  In *Thayer*, this Court ordered a remand to conform a written judgment to the court's oral sentence.  *Id.* ¶ 19, 713 N.W.2d at 614.  In *Duxbury v. McCook Cty.*, 48 S.D. 523, 205 N.W. 242, 244 (1925), we stated: "It is apparent that the error in the findings, conclusion, and judgment is merely a clerical or stenographic error, and the cause is remanded to the trial court for the correction thereof, and, as so corrected, the judgment will be affirmed[.]"  We continue to believe that these types of clerical errors may be corrected by a remand to include the omitted material in the judgment.

#27371

[¶19.] Affirmed but remanded to restate the aggravating circumstances in the judgment.

[¶20.] GILBERTSON, Chief Justice, and SEVERSON, WILBUR, and KERN, Justices, concur.