#27768-a-DG
**2017 S.D. 3**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                    Plaintiff and Appellee,

        v.

ANTWAUN UNDERWOOD,                    Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE THIRD JUDICIAL CIRCUIT
BEADLE COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE JON R. ERICKSON
Judge

* * * *

MARTY J. JACKLEY
Attorney General

JOHN M. STROHMAN
Assistant Attorney General
Pierre, South Dakota                    Attorneys for plaintiff
                                        and appellee.


AARON P. PILCHER of
Bridgman & Anderson Law Firm
Miller, South Dakota                    Attorneys for defendant
                                        and appellant.

* * * *

CONSIDERED ON BRIEFS
ON NOVEMBER 7, 2016
OPINION FILED **01/25/17**

GILBERTSON, Chief Justice

[¶1.]     Antwaun Underwood pleaded guilty to possessing a controlled substance, and the circuit court sentenced him to imprisonment for four years. Underwood appeals and argues the court failed to identify aggravating factors sufficient to deviate from a presumptive sentence of probation. We affirm.

**Facts and Procedural History**

[¶2.]     On January 23, 2015, Huron Police Officer Adam Doerr observed Underwood's vehicle travelling in excess of the speed limit. Officer Doerr initiated a traffic stop and approached Underwood. While speaking to Underwood, Officer Doerr noticed a green, leafy substance that he believed to be marijuana, as well as paraphernalia, on the center console of the vehicle. Officer Doerr informed Underwood that he was placing him under arrest. A subsequent search of Underwood's coat revealed a plastic baggy containing a green, leafy substance. Underwood acknowledged that the baggy belonged to him.

[¶3.]     Underwood was charged by complaint with one count of ingesting a substance for the purpose of becoming intoxicated, one count of possessing two ounces or less of marijuana, and one count of possessing a controlled substance. He was also charged with driving with a suspended license. An information was later filed that charged Underwood with possessing a controlled substance. Underwood failed to appear for his preliminary hearing, but on November 1, 2015, he pleaded guilty to one count of possessing a controlled substance. The circuit court departed from a presumptive sentence of probation and sentenced Underwood to imprisonment for four years.

[¶4.] Underwood appeals, raising one issue: Whether the circumstances enumerated by the circuit court justified a departure from the presumptive sentence of probation under SDCL 22-6-11.

## Standard of Review

[¶5.] The central issue in this case is a question of statutory construction. We review such issues de novo. *Good Lance v. Black Hills Dialysis, LLC*, 2015 S.D. 83, ¶ 9, 871 N.W.2d 639, 643. Thus, we give no deference to the circuit court's legal conclusions. *Id.*

## Analysis and Decision

[¶6.] Underwood pleaded guilty to possessing a controlled substance, which in this case is a Class 5 felony. For an offender not already in custody of the executive branch, such an offense carries a presumptive sentence of probation. SDCL 22-6-11.[1] However, "[t]he sentencing court may impose a sentence other than probation . . . if the court finds aggravating circumstances exist that pose a significant risk to the public and require a departure from presumptive probation[.]" *Id.* In this case, the court cited 10 circumstances that it considered to be aggravating:

> 1. Underwood has a five (5) page rap sheet;
>
> 2. Nine (9) bench warrants have been issued since 2008 in various cases for failure to appear or comply with orders of the court;
>
> 3. In 2010 Underwood was sentenced to the penitentiary on conviction for being an Accessory to a Felony;

---

1. For an offender who has been committed to the supervision of the executive branch, the sentencing court is presumptively required to fully suspend any sentence imposed. SDCL 22-6-11.

4. On the Accessory to a Felony charge he was incarcerated twice on parole violations;

5. In 2011 Underwood was sentenced to the penitentiary for Grand Theft;

6. On the Grand Theft charge he was returned to the penitentiary on a parole violation;

7. Since 2008 Underwood has failed or refused to pay at least $2,497.96 in fines, costs, restitution and/or attorney fees;

8. Since 2008 Underwood has had a history of failing to comply with conditional release;

9. Underwood violated parole on each of his two previous felony convictions; and

10. Underwood committed the underlying felony just after his release from parole for Grand Theft.

Underwood argues that a circumstance is not aggravating within the meaning of SDCL 22-6-11 unless it demonstrates a risk of violence or career criminality. Therefore, Underwood concludes that the 10 circumstances relied on by the circuit court were insufficient to warrant a departure from the presumptive sentence of probation.

[¶7.] We agree with Underwood that some of the circumstances listed by the circuit court are not aggravating circumstances justifying a departure from the presumptive sentence. SDCL 22-6-11 does not specifically define the term *aggravating circumstances*. However, under that statute, only circumstances that "pose a significant risk to the public *and* require a departure from presumptive probation" can justify imposing a sentence other than probation. *Id.* (emphasis added). For example, Underwood's failure to pay fines, costs, restitution, or attorney fees hardly amounts to "a significant risk to the public[.]" *Id.* Even if such could be considered a significant risk to the public, incarcerating Underwood rather than placing him on probation does nothing to remedy his failure to pay; therefore,

Underwood's failure to pay does not require a departure from the presumptive sentence of probation. *Id.*

[¶8.]    Even so, we must reject Underwood's suggestion that SDCL 22-6-11 contemplates only circumstances demonstrating a risk of violence or career criminality. We recently rejected a similar argument in *State v. Whitfield*, 2015 S.D. 17, 862 N.W.2d 133. In that case, the defendant was convicted of possessing a controlled substance (cocaine) and drug paraphernalia. *Id.* ¶ 1, 862 N.W.2d at 135. Although SDCL 22-6-11 applied, the sentencing court departed from the presumptive sentence of probation and sentenced the defendant to imprisonment for five years (with two years suspended). *Whitfield*, 2015 S.D. 17, ¶ 23, 862 N.W.2d at 140. In departing from presumptive probation,

> the court considered [the defendant's] three prior felonies, which included a prior drug offense. The court deemed [him], age 56, a poor candidate for probation. He had a history of parole violations in Texas and would be difficult to supervise in light of his desire to return to Texas and continue employment as a transient carnival worker. Lastly, the court considered the amount of cocaine found in [his] possession.

*Id.* ¶ 22, 862 N.W.2d at 140. The defendant argued that these circumstances were not aggravating circumstances within the meaning of SDCL 22-6-11 that justified a departure from presumptive probation. *Whitfield*, 2015 S.D. 17, ¶ 21, 862 N.W.2d at 140. We rejected his argument and affirmed his sentence. *Id.* ¶¶ 23-24, 862 N.W.2d at 140.

[¶9.]    The present case involves circumstances similar to those present in *Whitfield*. Here, the court considered Underwood's "five-page rap sheet," which includes two felony convictions. Although it is not clear from the record what underlying felony offense led to Underwood's accessory conviction, his offense of

-4-

grand theft is not a victimless crime. Underwood violated the terms of parole for these offenses on multiple occasions. A presentence-investigation report also indicated Underwood was involved in distributing a controlled substance. At sentencing, the court commented: "You got a felony distribution case that's being dismissed. You got a five-page rap sheet. You're still involved in drugs. . . . [Y]ou were in the custody of the [Department of Corrections] and still selling drugs." Additionally, Underwood has demonstrated a complete disdain for court orders and supervised release. It is clear that sentencing Underwood to additional probation likely would not deter him from continuing his course of criminal activity. Therefore, we agree with the circuit court that "circumstances exist that pose a significant risk to the public and require a departure from presumptive probation[.]" SDCL 22-6-11.

## Conclusion

[¶10.] The term *aggravating circumstances*, as used in SDCL 22-6-11, does not require a showing of likely violence or career criminality. Underwood's criminal history and complete disregard for supervised release indicate the court's departure from the presumptive sentence of probation was warranted. Therefore, we affirm.

[¶11.] ZINTER, SEVERSON, and WILBUR, Justices, concur.

[¶12.] KERN, Justice, concurs specially.


KERN, Justice (concurring specially).

[¶13.] Although this Court correctly acknowledges that the narrow legal issue presented by this case—whether the word "aggravating" in SDCL 22-6-11 requires

"violence or career criminality"—is a question of law reviewed de novo, I write to clarify our standard of review in SDCL 22-6-11 cases. We apply the abuse of discretion standard to review a circuit court's decision to deviate from presumptive probation under SDCL 22-6-11 rather than de novo review. An abuse of discretion "is a fundamental error of judgment, a choice outside the range of permissible choices, a decision, which, on full consideration, is arbitrary or unreasonable." *Thurman v. CUNA Mut. Ins. Soc'y*, 2013 S.D. 63, ¶ 11, 836 N.W.2d 611, 616 (internal citations and quotation marks omitted).

[¶14.]     It is an obvious but critical point that SDCL 22-6-11 affects the *sentencing* power of a circuit court. The statute creates a presumptive sentence and, through the use of the word "may," gives the court the ability to deviate from the presumptive sentence. Deviation requires the court to follow specific procedures (identifying *why* it found the presumptive sentence inappropriate), but SDCL 22-6-11 leaves the choice in the circuit court's discretion. It is well-established that a sentence within the statutory maximum is reviewed under the abuse of discretion standard. *State v. McKinney*, 2005 S.D. 73, ¶ 10, 699 N.W.2d 471, 476 (citing *State v. Goodroad*, 1997 S.D. 46, ¶ 40, 563 N.W.2d 126, 135). We accord great deference to the sentencing decisions made by trial courts. *State v. Garber*, 2004 S.D. 2, ¶ 13, 674 N.W.2d 320, 323; *State v. Milk*, 2000 S.D. 28, ¶ 10, 607 N.W.2d 14, 17 (citing *State v. Gehrke*, 491 N.W.2d 421, 422 (S.D. 1992)). The decision to sentence within the permissible statutory range, including within the options set forth in SDCL 22-6-11, is a discretionary decision entitled to deferential review.

[¶15.]     Our prior decisions interpreting SDCL 22-6-11 likewise recognize that a sentencing court's decision to deviate from presumptive probation is reviewed under the abuse of discretion standard. In *State v. Whitfield*, we held that a circuit court did not abuse its discretion by deviating from presumptive probation under SDCL 22-6-11:

> To depart from a sentence of probation, the court must identify aggravating factors that pose a significant risk to the public. SDCL 22–6–11. *Based on our review of the record and the court's reasons for departing from a sentence of probation, we cannot say the court abused its discretion.*

2015 S.D. 17, ¶ 23, 862 N.W.2d 133, 140 (emphasis added). And in *State v. Beckwith*, we again declared that "[w]e apply the abuse of discretion standard in reviewing a sentencing court's decision to depart from presumptive probation." 2015 S.D. 76, ¶ 7, 871 N.W.2d 57, 59.

[¶16.]     Yet the majority opinion seems to analyze *the court's decision to depart from presumptive probation* as a legal issue reviewable de novo. I agree that the key question—interpreting "aggravating"—in this case is a question of law reviewable de novo. But once the legal issue regarding the meaning of "aggravating" is resolved, we must decide whether the circuit court abused its discretion by deviating from presumptive probation.[2]

---

2.     In his brief, Underwood states that abuse of discretion is the proper standard of review for a sentencing court's departure from presumptive probation but also that SDCL 22-6-11 imposes statutory limits on the sentencing court's discretion. Underwood argues that "SDCL 22-6-11 must include a discernible standard" for its limits on sentencing authority, namely, that the identified aggravating circumstances sufficiently pose a significant risk to the public. Underwood claims that "significant risk to the public" only encompasses circumstances showing career criminality or violence. This precise issue is a

(continued . . .)

[¶17.]      Applying de novo review as the predominate method of analyzing sentences imposed under SDCL 22-6-11 would undermine the important role that circuit court's play in our criminal justice system. *See State v. Craig*, 2014 S.D. 43, ¶ 29, 850 N.W.2d 828, 837 (describing the important process used by circuit court judges in imposing an appropriate sentence, including acquiring a thorough understanding of a defendant, his prospects for rehabilitation, and the circumstances of the crime). Often, depending upon the nature of the specific question presented, it may be proper to apply other standards of review, including a de novo review of a legal issue or a clearly erroneous review of factual findings that a court relied on in imposing its sentence. But once those issues have been resolved, if a party challenges a deviation from presumptive probation under SDCL 22-6-11, we must determine whether the sentencing court abused its discretion.

---

(. . . continued)

    question of law, which we can review de novo. Underwood, however, ends his argument by stating that "the sentencing court failed to reference either career criminality or violence, and thereby *exceeded and abused it* [sic] *discretion*." (Emphasis added.) Whether the court abused its discretion is the foundational concern.