#27682-r-SLZ

**2016 S.D. 63**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,              Plaintiff and Appellee,

    v.

YOLANDA MARIE FLOWERS,              Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE JONI M. CUTLER
Judge

* * * *

MARTY J. JACKLEY
Attorney General

KIRSTEN E. JASPER
Assistant Attorney General
Pierre, South Dakota              Attorneys for plaintiff
                                 and appellee.


MARK KADI
Minnehaha County
  Public Advocates Office
Sioux Falls, South Dakota              Attorneys for defendant
                                 and appellant.

* * * *

CONSIDERED ON BRIEFS
ON AUGUST 29, 2016

OPINION FILED **09/14/16**

#27682

ZINTER, Justice

[¶1.]        Yolanda Flowers pleaded guilty to a Class 5 felony, and she admitted the allegations of a part II habitual criminal information alleging she had two prior felony convictions.  Because of the prior convictions, the circuit court imposed a Class 4 felony penitentiary sentence, and it did not state on the record or in the judgment any aggravating circumstances justifying a departure from presumptive probation.  On appeal, Flowers argues that the circuit court erred in failing to apply presumptive probation requirements and sentence her to probation.  Because Flowers was convicted of a Class 5 felony that implicated presumptive probation, and because aggravating circumstances were not stated on the record or in the judgment, we reverse and remand for resentencing.

*Facts and Procedural History*

[¶2.]        On June 25, 2015, Flowers was arrested pursuant to an outstanding federal arrest warrant.  She admitted having methamphetamine in her purse.  At the time of her arrest, she was on state probation for felony convictions of possession of a controlled substance and failure to appear.  She was also on federal supervised release for violating federal probation.

[¶3.]        Flowers was indicted for possession of a controlled substance in violation of SDCL 22-42-5 (a Class 5 felony) and possession or use of drug paraphernalia in violation of SDCL 22-42A-3 (a Class 2 misdemeanor).  The State filed a part II information alleging Flowers had two previous convictions for felony possession of a controlled substance; one in October 2006 and one in January 2015.  Pursuant to a plea agreement, Flowers pleaded guilty to the Class 5 felony charge

-1-

and admitted the allegations of the part II habitual criminal information. The State dismissed the misdemeanor charge and recommended a four-year penitentiary sentence.

[¶4.]	At sentencing, the circuit court noted that the habitual offender admission enhanced the possible penalty to that applicable to Class 4 felonies. The court indicated it was going to impose a penitentiary sentence. The court stated it was basing its sentence "not out of anger towards" Flowers, but in hopes for rehabilitation. Flowers received a Class 4 felony sentence of ten years in prison with six years suspended. The court did not mention probation, a departure from presumptive probation, or aggravating circumstances warranting a departure from probation. The final written judgment did not list any aggravating circumstances.

[¶5.]	Flowers appeals her sentence, arguing that she is entitled to resentencing because: (1) the circuit court failed to state aggravating circumstances warranting a departure from presumptive probation in violation of SDCL 22-6-11; and (2) the circuit court abused its discretion in departing from presumptive probation. The State argues that Flowers was not entitled to be considered for presumptive probation because her sentence was enhanced to a Class 4 felony, and Class 4 felons are not entitled to presumptive probation under SDCL 22-6-11.[1]

---

1.	The question whether a sentence enhanced under SDCL 22-7-7 falls within the requirements of SDCL 22-6-11 is a matter of statutory interpretation. Statutory interpretation is a question of law we review de novo. *State v. Liaw*, 2016 S.D. 31, ¶ 8, 878 N.W.2d 97, 100.

*Decision*

[¶6.]        South Dakota courts are required to sentence defendants convicted of certain Class 5 and 6 felonies (including possession of a controlled substance) to probation unless "the court finds aggravating circumstances exist that pose a significant risk to the public and require a departure from presumptive probation." SDCL 22-6-11.[2]  The State argues that SDCL 22-6-11 does not apply to Flowers' conviction because under SDCL 22-7-7, her admission to the part II information enhanced "the classification" of her crime to a Class 4 felony.  *See* SDCL 22-7-7 ("If a defendant has been convicted of one or two prior felonies . . . , the sentence for the principal felony shall be enhanced by changing the class of the principal felony to the next class which is more severe . . . .").  Flowers, however, argues that her felony

---

2.       The statute provides in full:

> The sentencing court shall sentence an offender convicted of a Class 5 or Class 6 felony, except those convicted under §§ 22-11A-2.1, 22-18-1, 22-18-1.05, 22-18-26, 22-19A-1, 22-19A-2, 22-19A-3, 22-19A-7, 22-19A-16, 22-22A-2, 22-22A-4, 22-24A-3, 22-24-24.3, 22-24-1.2, 22-24B-2, 22-24B-12, 22-24B-12.1, 22-24B-23, 22-42-7, subdivision 24-2-14(1), 32-34-5, and any person ineligible for probation under § 23A-27-12, to a term of probation.  If the offender is under the supervision of the Department of Corrections, the court shall order a fully suspended penitentiary sentence pursuant to § 23A-27-18.4. The sentencing court may impose a sentence other than probation or a fully suspended penitentiary sentence if the court finds aggravating circumstances exist that pose a significant risk to the public and require a departure from presumptive probation under this section.  If a departure is made, the judge shall state on the record at the time of sentencing the aggravating circumstances and the same shall be stated in the dispositional order.  Neither this section nor its application may be the basis for establishing a constitutionally protected liberty, property, or due process interest.

SDCL 22-6-11.

classification was not changed because SDCL 22-7-7 enhances the "sentence" rather than the "principal felony." *See id.*

[¶7.] South Dakota's habitual offender statutes enhance a defendant's sentence, not the underlying conviction. *Rowley v. S.D. Bd. of Pardons & Paroles*, 2013 S.D. 6, ¶ 10, 826 N.W.2d 360, 364 ("[T]he habitual offender statutes operate to increase the defendant's *sentence*, but do not substantively change the *class* of the principal felony." (emphasis added)). Although *Rowley* interpreted SDCL 22-7-8.1, a separate enhancement statute, the dispositive language in SDCL 22-7-7 is the same. SDCL 22-7-7, like SDCL 22-7-8.1, only provides that "*the sentence for* the principal felony shall be enhanced." And interpreting the statute to enhance the classification of the underlying felony "would require us to ignore the words 'the sentence for,' which we will not do." *Rowley*, 2013 S.D. 6, ¶ 8, 826 N.W.2d at 364. "Regardless of the nomenclature we chose, . . . the habitual offender statutes operate to increase the defendant's sentence, but do not substantively change the class of the principal felony." *Id.* ¶ 10, 826 N.W.2d at 364; *see also State v. Guthmiller*, 2003 S.D. 83, ¶ 31, 677 N.W.2d 295, 305 ("The habitual offender statute SDCL 22-7-7 enhances the *sentence* to the next more severe felony class." (emphasis added)); *State v. Salway*, 487 N.W.2d 621, 622 (S.D. 1992) ("[B]eing a habitual criminal enhances the *punishment* for the principal crime to a higher class of felony." (emphasis added)). Here, Flowers' principal offense was a Class 5 felony. Therefore, the presumptive probation requirements of SDCL 22-6-11 applied.

[¶8.] Because SDCL 22-6-11 applied, the circuit court could depart from probation only "if the court [found] aggravating circumstances exist[ed] that pose[d]

a significant risk to the public and require[d] a departure from presumptive probation." Additionally, the court was required to state the aggravating circumstances "on the record at the time of sentencing" and in the final written judgment. SDCL 22-6-11. Flowers argues that she is entitled to resentencing because the circuit court failed to follow these requirements.

[¶9.] There is no dispute that the court did not state any aggravating circumstances on the record or in the written judgment. The court only noted mitigating circumstances: Flowers had a "terrible childhood," she was thirty years old, she had "a lot of life ahead" of her, and a penitentiary sentence would help her with rehabilitation. The State does not argue that the court's statements qualified as aggravating circumstances within the meaning of SDCL 22-6-11. Because the court did not comply with the statute, we must next consider the appropriate remedy.

[¶10.] We have previously held that a circuit court errs when it states the aggravating circumstances on the record but fails to restate them in the final dispositional order. *State v. Beckwith*, 2015 S.D. 76, ¶¶ 16, 18, 871 N.W.2d 57, 61-62; *State v. Whitfield*, 2015 S.D. 17, ¶ 20, 862 N.W.2d 133, 140. That type of clerical error does not require a new trial or resentencing. In those cases, the appropriate remedy is to "remand[] to the sentencing court to amend the dispositional order to include the aggravating circumstances considered on the record at the time of the sentencing hearing." *Beckwith*, 2015 S.D. 76, ¶ 16, 871 N.W.2d at 61; *Whitfield*, 2015 S.D. 17, ¶ 20, 862 N.W.2d at 140.

[¶11.] But here, the record suggests that the circuit court may have believed SDCL 22-6-11 did not apply because the court did not state any aggravating circumstances on the record warranting a departure from presumptive probation. On the contrary, the only circumstances stated were more supportive of probation than imprisonment. Additionally, there were no aggravating circumstances in the written judgment. Because the errors here go beyond the clerical errors in *Beckwith* and *Whitfield*, we reverse and remand for resentencing in accordance with SDCL 22-6-11. In light of this disposition, Flowers' argument that the circuit court abused its discretion in departing from presumptive probation is premature.

[¶12.] GILBERTSON, Chief Justice, and SEVERSON, WILBUR, and KERN, Justices, concur.