GILBERTSON, Chief Justice
[¶1.] Antwaun Underwood pleaded guilty to possessing a controlled substance, and the circuit court sentenced him to imprisonment for four years. Underwood appeals and argues the court failed to identify aggravating factors sufficient to *241 deviate from a presumptive sentence of probation. We affirm.
Facts and Procedural History
[¶2.] On January 23, 2015, Huron Police Officer Adam Doerr observed Underwood’s vehicle travelling in excess of the speed limit. Officer Doerr initiated a traffic stop and approached Underwood. While speaking to Underwood, Officer Doerr noticed a green, leafy substance that he believed to be marijuana, as well as paraphernalia, on the center console of the vehicle. Officer Doerr informed Underwood that he was placing him under arrest. A subsequent search of Underwood’s coat revealed a plastic baggy containing a green, leafy substance. Underwood acknowledged that the baggy belonged to him.
[¶3.] Underwood was charged by complaint with one count of ingesting a substance for the purpose of becoming intoxicated, one count of possessing two ounces or less of marijuana, and one count of possessing a controlled substance. He was also charged with driving with a suspended license. An information was later filed that charged Underwood with possessing a controlled substance. Underwood failed to appear for his preliminary hearing, but on November 1, 2015, he pleaded guilty to one count of possessing a controlled substance. The circuit court departed from a presumptive sentence of probation and sentenced Underwood to imprisonment for four years.
[¶4.] Underwood appeals, raising one issue: Whether the circumstances enumerated by the circuit court justified a departure from the presumptive sentence of probation under SDCL 22-6-11.
Standard of Review
[¶5.] The central issue in this case is a question of statutory construction. We review such issues de novo. Good Lance v. Black Hills Dialysis, LLC, 2015 S.D. 83, ¶ 9, 871 N.W.2d 639, 643. Thus, we give no deference to the circuit court’s legal conclusions. Id.
Analysis and Decision
[¶6.] Underwood pleaded guilty to possessing a controlled substance, which in this case is a Class 5 felony. For an offender not already in custody of the executive branch, such an offense carries a presumptive sentence of probation. SDCL 22-6-11.[1] However, “[t]he sentencing court may impose a sentence other than probation ... if the court finds aggravating circumstances exist that pose a significant risk to the public and require a departure from presumptive probation[.]” Id. In this case, the court cited 10 circumstances that it considered to be aggravating:
1. Underwood has a five (5) page rap sheet;
2. Nine (9) bench warrants have been issued since 2008 in various cases for failure to appear or comply with orders of the court;
3. In 2010 Underwood was sentenced to the penitentiary on conviction for being an Accessory to a Felony;
4. On the Accessory to a Felony charge he was incarcerated twice on parole violations;
5. In 2011 Underwood was sentenced to the penitentiary for Grand Theft;
6. On the Grand Theft charge he was returned to the penitentiary on a parole violation;
*242 7. Since 2008 Underwood has failed or refused to pay at least $2,497.96 in fines, costs, restitution and/or attorney fees;
8. Since 2008 Underwood has had a history of failing to comply with conditional release;
9. Underwood violated parole on each of his two previous felony convictions; and
10. Underwood committed the underlying felony just after his release from parole for Grand Theft.
Underwood argues that a circumstance is not aggravating within the meaning of SDCL 22-6-11 unless it demonstrates a risk of violence or career criminality. Therefore, Underwood concludes that the 10 circumstances relied on by the circuit court were insufficient to warrant a departure from the presumptive sentence of probation.
[¶7.] We agree with Underwood that some of the circumstances listed by the circuit coui't are not aggravating circumstances justifying a departure from the presumptive sentence. SDCL 22-6-11 does not specifically define the term aggravating circumstances. However, under that statute, only circumstances that “pose a significant risk to the public and require a departure from presumptive probation” can justify imposing a sentence other than probation. Id. (emphasis added). For example, Underwood’s failure to pay fines, costs, restitution, or attorney fees hardly amounts to “a significant risk to the public[.]” Id. Even if such could be considered a significant risk to the public, incarcerating Underwood rather than placing him on probation does nothing to remedy his failure to pay; therefore, Underwood’s failure to pay does not require a departure from the presumptive sentence of probation. Id.
[118.] Even so, we must reject Underwood’s suggestion that SDCL 22-6-11 contemplates only circumstances demonstrating a risk of violence or career criminality. We recently rejected a similar argument in State v. Whitfield, 2016 S.D. 17, 862 N.W.2d 133. In that case, the defendant was convicted of possessing a controlled substance (cocaine) and drug paraphernalia. Id. ¶ 1, 862 N.W.2d at 136. Although SDCL 22-6-11 applied, the sentencing court departed from the presumptive sentence of probation and sentenced the defendant to imprisonment for five years (with two years suspended). Whitfield, 2015 S.D. 17, ¶ 23, 862 N.W.2d at 140. In departing from presumptive probation,
the court considered [the defendant’s] three prior felonies, which included a prior drug offense. The court deemed [him], age 56, a poor candidate for probation. He had a history of parole violations in Texas and would be difficult to supervise in light of his desire to return to Texas and continue employment as a transient carnival worker. Lastly, the court considered the amount of cocaine found in [his] possession.
Id. ¶ 22, 862 N.W.2d at 140. The defendant argued that these circumstances were not aggravating circumstances within the meaning of SDCL 22-6-11 that justified a departure from presumptive probation. Whitfield, 2015 S.D. 17, 11 21, 862 N.W.2d at 140. We rejected his argument and affirmed his sentence. Id. ¶¶ 23-24, 862 N.W.2d at 140.
[¶9.] The present case involves circumstances similar to those present in Whitfield. Here, the court considered Underwood’s “five-page rap sheet,” which includes two felony convictions. Although it is not clear from the record what underlying felony offense led to Underwood’s accessory conviction, his offense of grand theft is not a victimless crime. Underwood violated the *243 terms of parole for these offenses on multiple occasions. A presentence-inves-tigation report also indicated Underwood was involved in distributing a controlled substance. At sentencing, the court commented: “You got a felony-distribution case that’s being dismissed. You got a five-page rap sheet. You’re still involved in drugs.... [Y]ou were in the custody of the [Department of Corrections] and still selling drugs.” Additionally, Underwood has demonstrated a complete disdain for court orders and supervised release. It is clear that sentencing Underwood to additional probation likely would not deter him from continuing his course of criminal activity. Therefore, we agree with the circuit court that “circumstances exist that pose a significant risk to the public and require a departure from presumptive probation[.]” SDCL 22-6-11.
Conclusion
[¶10.] The term aggravating circumstances, as used in SDCL 22-6-11, does not require a showing of likely violence or career criminality. Underwood’s criminal history and complete disregard for supervised release indicate the court’s departure from the presumptive sentence of probation was warranted. Therefore, we affirm.
[¶11.] ZINTER, SEVERSON, and WILBUR, Justices, concur.
[¶12.] KERN, Justice, concurs specially.

. For an offender who has been committed to the supervision of the executive branch, the sentencing court is presumptively required to fully suspend any sentence imposed. SDCL 22-6-11.